UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISLAM ATAROUA,

                Plaintiff,

             -against-

ZAKI ISAAC B. TAMIR; TAMIR LAW GROUP, PC; SCOTT M. STRINGER; RICHARD BRISKIN; THE CITY OF NEW YORK,

                Defendants.

22-CV-10371 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Clinton Correctional Facility, brings this *pro se* action invoking the Court's federal question jurisdiction. He alleges that the lawyer he engaged to represent him for a 2016 personal injury matter missed the statute of limitations for filing suit, and that other defendants failed to respond to his Freedom of Information Law (FOIL) requests.

    By order dated December 9, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff Islam Ataroua suffered two injuries for which he filed claims with the New York City Comptroller's Office. The first injury occurred on February 2, 2016, when Plaintiff was detained at Rikers Island. Plaintiff was in an altercation with other detainees and suffered a laceration to the side of his face. (ECF 2 at 6.) Plaintiff engaged attorney Zaki Isaac B. Tamir, of the Tamir Law Group, PC, and Tamir filed a notice of claim with the New York City Comptroller's Office. The Comptroller's Office issued claim number 2016PI01197. It is unclear if the Tamir Law Group, PC, ever took any further action in this matter.

Plaintiff suffered a second injury at Rikers Island on December 20, 2019. At the George R. Vierno Center, Plaintiff slipped and fell in a puddle of water and injured his back. In February 2020, Plaintiff hired the law firm Nass Rober & Levin, PC, on a contingency fee basis, to file a notice of claim with the New York City Comptroller's Office for this 2019 injury. Nass Rober & Levin, PC, asked Plaintiff to describe any other claims that he had pending, so that these could be excluded from a general release executed to settle the 2019 claim. In response, on February 4, 2020, Plaintiff indicated that, in addition to his 2019 claim, he had an outstanding claim from 2016 under claim number 2016PI01197. Someone from Nass Rober & Levin, PC, advised Plaintiff that the statute of limitations for filing suit for his 2016 claim had likely expired.[2] In 2021, Plaintiff received a settlement in connection with this 2019 injury.

---

[2] The general or residual statute of limitations in New York for personal injury actions is three years. *See* N.Y. C.P.L.R. § 214(5). The three-year limitations period generally begins to run when the injury occurred – here, February 2, 2016.

Plaintiff attaches to his complaint a March 13, 2021, letter to Nass Rober & Levin, PC, in which he states that he is seeking an attorney to bring a legal malpractice action in connection with his attorney's handling of his 2016 personal injury claim. (*Id.* at 20-21.)

On March 6, 2021, Plaintiff sent a FOIL request by certified mail to the New York City Comptroller's Office, but he received no response. Plaintiff eventually contacted Richard Briskin, a claims examiner in the Comptroller's Office, and was told that he should contact the attorney who had filed his 2016 claim. Plaintiff also sent a letter to Scott Stringer, who was then the New York City Comptroller, requesting documents related to his 2016 claim, but he received no response.

Plaintiff brings this suit against Scott Stringer, Richard Briskin, the City of New York, attorney Tamir, and the Tamir Law Group, PC. Plaintiff contends that defendants deliberately caused him to "abandon" his claim until the time for bringing it had expired, and had "disregarded" his FOIL requests. Plaintiff seeks damages and for the state court to equitably toll the time for bringing his 2016 claim.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

3

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

Plaintiff invokes the Court's federal question jurisdiction, by checking a box on the court's form complaint, indicating that he brings claims for a violation of his federal constitutional rights. (ECF 2 at 3.) In order for a federal court to exercise federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Merely invoking federal jurisdiction, however, without pleading any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff's claims for legal malpractice against attorney Zaki Isaac B. Tamir and the Tamir Law Group, PC, arise under state law. Plaintiff's claims against the City of New York arise under the New York State FOIL law, N.Y.S. Public Officers Law §§ 84-90. Although Plaintiff mentions that he has suffered "expectancy damages arising from due process violation" (ECF 2 at 7), this passing reference to federal constitutional rights is insufficient to allege a right to relief that depends on a substantial question of federal law. Plaintiff's allegations that, in 2021, Claims Examiner Richard Briskin and former NYC Comptroller Scott Stringer did not respond

4

to letters about his FOIL requests that were directed to them personally, do not indicate that Plaintiff can establish any right to relief that turns on resolution of a question of federal law.

Plaintiff does not invoke the Court's diversity jurisdiction. Nor can he, given that he and all defendants appear to be domiciled in and citizens of New York. The Court therefore dismisses Plaintiff's complaint for lack of subject matter jurisdiction because the Court does not have federal question or diversity jurisdiction of this matter.[3]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). It appears to the Court that the defects in Plaintiff's complaint cannot be cured with an amendment. In an abundance of caution, however, the Court will hold this matter open on the docket for 30 days to allow Plaintiff to amend his complaint to show that he has a claim against one or more of the defendants arising from these facts of which the Court has subject matter jurisdiction. If Plaintiff does not file an amended complaint, or if the amended complaint does not show that the Court has subject matter jurisdiction of this action, judgment dismissing this matter for lack of subject matter jurisdiction will be entered.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court will hold this matter open on the docket for 30 days, without entering judgment, to allow Plaintiff to amend his complaint to show that he has a claim against one or

---

[3] This dismissal is without prejudice to Plaintiff's bringing his claims in an appropriate forum.

more of the defendants arising from these facts of which the Court has subject matter jurisdiction. An amended complaint form is attached to this order. If Plaintiff chooses to file an amended complaint, it should be labeled with the docket number 22-CV-10371 (LTS). If Plaintiff does not file an amended complaint, or if the amended complaint does not show that the Court has subject matter jurisdiction of this action, judgment dismissing this matter will be entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 19, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge